IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRYAN HULL, and | § | |
| THE CLAY COMPANY INCORPORATED | § | |
|     Plaintiffs, | § | |
| vs. | § | Case No. 4:10-cv-153 |
| | § | |
| STEVEN NESS, TRANSGLOBAL | § | |
| DEVELOPMENT LLC, LAKEVIEW DOWNS | § | |
| EQUESTRIAN, LP, LAKEVIEW | § | |
| DEVELOPMENT, LLC, PARKVIEW SOUTH | § | |
| L.L.C., PVP LLC, PHIL SHIRREFFS, and | § | |
| ACTUATOR ASSOCIATES INCORPORATED, | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

This case was set for final pretrial before United States District Judge Richard A. Schell on July 5, 2011. On June 28, 2011, Judge Schell dismissed Defendants PVP, LLC and Parkview South, LLC from the case. These two Defendants were the only Defendants who had appeared in the suit. According to record in the case, while summons was issued for some of the remaining defendants on April 19, 2010, Defendants Steven Ness, Transglobal Development LLC, Lakeview Downs Equestrian, LP, Lakeview Development, LLC, Phil Shirreffs, and Actuator Associates Incorporated have not appeared or been served with process.

On July 19, 2011, the Court held a show cause hearing as to why these Defendants had not been served. Attorney for Plaintiff appeared as directed. For the reasons set forth below, the Court finds that the remaining claims in this case should be dismissed without prejudice.

This case was filed on March 3, 2010. Under Rule 4(m) of the Federal Rules of Civil Procedure, the Court must dismiss an action without prejudice if a defendant is not served within 120 days after the filing of the complaint. FED. R. CIV. P. 4(m). The Rule is silent as to when a plaintiff must file an executed return of service and whether the return of service should be filed with the Court reasonably after the close of the 120-day period. Nonetheless, it is clear that, in this case, Plaintiff was required to serve all Defendants by June 28, 2010, unless it could show good cause for failing to serve.

To date, no executed return of service is on file for any of the remaining Defendants in the suit. On July 18, 2011, Plaintiff filed a notice indicating that service had been timely made on several of the Defendants. *See* Dkt. 40. Plaintiff did not, however, file or attach any executed returns of service.

At the July 19, 2011 hearing, Plaintiff's counsel argued that Defendants Steven Ness and Lakeview Development, LLC were served on May 3, 2010 and that Defendant Phil Shirreffs was served on May 12, 2010. Plaintiff claims that the failure to file the returns of service was a result of counsel's oversight and lack of support staff. Notably, however, Plaintiff's counsel was informed of his oversight in the Court's June 29, 2011 order setting the show cause order but failed to take any action to remedy it prior to the hearing. At the hearing, Plaintiff's counsel offered copies of the purported returns of service as to Defendants Steven Ness, Lakeview Development, LLC, and Phil Shirreffs. While apparently executed by a process server, the returns of service offered by counsel were not the ones issued by the Clerk of Court. Therefore, the Court cannot conclusively find that

service was properly made within the 120-day period. Even if they have been served, Plaintiff did not diligently pursue his claims and has wholly failed to prosecute his claims against them. Therefore, pursuant to Rule 4(m) and Rule 41(b), the Court finds the claims against them should be dismissed without prejudice. As to Defendants Transglobal Development LLC, Lakeview Downs Equestrian, LP, and Actuator Associates Incorporated, Plaintiff's counsel conceded that they have never been served. Therefore, Rule 4(m) is clear that the claims against them should be dismissed without prejudice. Given the delay in service and prosecution as to the Defendants who have not yet appeared, the Court finds that all remaining claims in this matter should be dismissed without prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of July, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE